## WILLIAM LUSK *v.* NATHANIEL B. COLVIN.

### CERTIORARI.

Where the matters to be proved are distinct, though component parts of
a demand or defence, the order of their production is wholly immaterial.
Therefore in an action of tresspass for taking away goods and chattles,
where the defendant justifies under a distress for rent, the landlord's war-
rant under which the distress was made, may be given in evidence before
the production of the written agreement under which the tenant held the
premises, and proof that there was rent due.

Submitted without argument.    *W. H. Sloan*, and *W.
Miller*, for the plaintiff — *Anderson* and *Wall*, for the
defendant.

The opinion of the court was delivered by EWING, C. J.
This was an action of tresspass for taking and carrying
away the goods and chattles of Colvin.    Lusk justified

under a sale made in consequence of a distress for rent; and in support of his defence, offered in evidence the landlord's warrant, under which it was alleged the distress and consequent sale had been made. It appeared that Colvin was a tenant in possession of certain premises of Lusk, and that there was an agreement in writing between the parties respecting the said premises, which was not produced. The Counsel for the appellee, Colvin, objected to the admission of the landlord's warrant, until the appellant should first shew the said written agreement, and prove that rent was due at the time of the distress. The Court sustained the objection and overruled the warrant.

The order in which the various matters of testimony requisite to support a demand or defence shall be introduced, is rarely matter of substance, and is generally left to the choice and discretion of the party producing them; in all cases indeed, except where one matter is absolutely preliminary to another, as where a party would prove the contents of a lost or destroyed paper, proof of the loss or destruction must necessarily precede proof of the contents. But where the matters to be proved are distinct, though component parts of a demand or defence, the order of their production is immaterial:—a judgment, an execution and a deed, are necessary to be shewn to make title under a sheriff's sale—but the party may first produce and read his deed, though it would be useless for his purpose, unless he shew the judgment—an objection would not be sustained to the production of the deed, until the judgment had been first shewn. If then, in the present case the production of the writing and the proof of rent had been indispensable to the support of the defence, (which because not necessary is not considered or decided), yet whether the warrant should be first produced, or the writing first shewn, or the rent first proved, was wholly immaterial. The result could only have been that the defence must have failed, although the warrant was in evidence, if the rent had not also been proved.

Judgment reversed.